THE STATE BANK OF ST. JOHN V. HERMAN E. GRU-
VER AND MARIA GRUVER.

**No. 168.**

1. PLEADING AND PRACTICE—*Effect of General Appearance.* By
a general appearance the defendants submit themselves to the
jurisdiction of the court.

2. ———— *Defective or Void Cost Bond — How Objected to.* The
proper way to object to a defective or void cost bond in an ordi-
nary civil action is by a special appearance or by a motion for ad-
ditional security for costs.

Error from Kiowa district court; W. O. BASHORE,
judge. Opinion filed January 18, 1898. Reversed.

*Moseley & Dixon,* for plaintiff in error.

*B. D. Crawford,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced in the
district court of Kiowa county by the plaintiff in error
against the defendants in error to foreclose a mort-
gage upon certain lands in that county. The petition
alleges the execution and delivery of the note and mort-
gage and a default thereon. The answer of the de-
fendants is an unverified general denial. Judgment
was rendered for the plaintiff, an order of sale was
issued, and the land was advertised and sold. The.
plaintiff filed a motion to confirm the sale, and the de-
fendants filed a motion to have the judgment vacated
and the sale set aside. These motions were heard by
the court and the motion to vacate the judgment and
set aside the sale was sustained, over the objection and
exceptions of the plaintiff. The motion reads as fol-
lows :

" Now come the defendants herein, Herman E. Gru-
ver and Maria Gruver, and move the court to set aside,

vacate and hold for naught the judgment heretofore rendered in this action against them and the sheriff's sale held thereunder, for the following reasons : (1) For neglect· and omission on the part of the clerk of the court and irregularities in obtaining said judgment ; (2) that said judgment is excessive and is not sustained by the petition ; (3) that the pretended petition upon which said judgment was and is based does not state facts sufficient to constitute a cause of action against these defendants or either of them and to entitle plaintiff to the relief granted and the judgment rendered ; (4) for irregularities of the sheriff in making said sale and selling the property described in petition twice upon the same notice of sale ; (5) that said judgment was without jurisdiction on the part of the court to render the same, and is irregular, illegal, and void.''

The plaintiff brings the case to this court and asks for a review of the order of the trial court in sustaining the motion.

The defendants in error have filed no brief and have not pointed out to us the reasons why the trial court should be sustained. After an examination of the record, we conclude that the order was made because the attorney for the plaintiff was the only surety upon the cost bond filed therein. This will be the only question considered by us.

The defendants, by their general appearance in the case, submitted themselves to the jurisdiction of the trial court, and it is immaterial whether the cost bond filed therein is defective or void. If the bond is defective or void, the defendants should object to the jurisdiction of the court by special appearance or by a motion for additional security for costs.

The petition in this case states a cause of action. The court could not set aside the judgment because it was excessive, as the plaintiffs offered to remit all ex-

cesses. There is nothing in the record to show that the land had been sold twice upon the same order of sale.

The judgment of the district court is reversed, and the case remanded with instructions to overrule the defendants' motion to vacate the judgment and set aside the sale.